#83

15BL/BSC
No Fee/IFA

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western District of Pennsylvania |
|---|---|

| Name (under which you were convicted):  Antonio D. Archer | Docket or Case No.:  2:25-cv-162 |
|---|---|

| Place of Confinement : SCI-Phoenix  1200 Mokychic drive, Collegeville, PA 19426 | Prisoner No.:  NF5425 |
|---|---|

| Petitioner (include the name under which you were convicted)  Antonio D. Archer | v. | Respondent (authorized person having custody of petitioner)  Joseph Terra, Superintendent, Et.al, |
|---|---|---|

| The Attorney General of the State of: Pennsylvania |
|---|

### PETITION

**FILED**

FEB 07 2025

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Fayette County Court of Common pleas
61 E Main Street
Uniontown, PA 15401

(b) Criminal docket or case number (if you know): CP-26-CR-0002396-2018

2.   (a) Date of the judgment of conviction (if you know): July 10, 2019

(b) Date of sentencing: July 18, 2019

3.   Length of sentence: Mandatory Minimum 10-20 years ran Consecutive to 7-20 years

4.   In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: one Count of each of the following charges: Rape of a child, involuntary deviate Sexual intercourse with a child, aggravated indecent assault of a child, indecent assault of a person less than 13 years of age, endangering welfare of children, Corruption of Minors, and Sexual assault.

6.   (a) What was your plea? (Check one)

☒ (1)    Not guilty         ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty             ☐ (4)    Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

*plead not guilty to all charges*

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☒ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

    ☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: *Pennsylvania Superior Court, Western District*

(b) Docket or case number (if you know): *1253 wda 2019*

(c) Result: *relief Sought was denied*

(d) Date of result (if you know): *March 5, 2021*

(e) Citation to the case (if you know): *Comm. V. Archer, 2021 Pa. Super. unpub. lexis 622, 251 A. 3d. 1214*

(f) Grounds raised:

*See additional pages with heading "page 3 Question 9 (f)" pages 1-2*

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

**Page 3 Question 9 (f):**

Initially counsel raised the following:

1. Whether the evidence was legally and factually sufficient to prove that defendant engaged in sexual intercourse to constitute the crim of rape of a child.

2. Whether the evidence was legally and factually sufficient to prove that defendant had committed an act to constitute the crime of involuntary deviate sexual intercourse with a child.

3. Whether the evidence was legally and factually sufficient to prove that defendant had indecent contact with the victim to constitute the crime of indecent assault of a child.

4. Whether the evidence was legally and factually sufficient to prove that defendant had indecent contact with the victim to constitute the crime of indecent assault.

5. Whether the evidence was legally and factually sufficient to prove that defendant had violated any duty of care to the victim to constitute endangering the welfare of children.

6. Whether the evidence was legally and factually sufficient to prove that defendant had committed an act to constitute the crime of corruption of minors.

7. Whether the evidence was legally and factually sufficient to prove that defendant had any intercourse with the victim to constitute the crime of sexual assault.

Petitioner then submitted a motion for new counsel because of counsels ineffectiveness during the preparation of the above 1925(b), see **appendix 1** for motion. Following a Graizer hearing on February 11, 2020 the Fayette County Court of Common Pleas ordered petitioner to file an amended 1925(b), see **appendix 2** for order following the Graizer hearing. Petitioner complied with the order and Counsel subsequently amended his 1925(b) as follows:

1.  Whether the evidence was legally and factually sufficient to prove that defendant engaged in sexual intercourse to constitute the crim of rape of a child.

2. Whether the evidence was legally and factually sufficient to prove that defendant had the requisite intent to commit the crime of involuntary deviate sexual intercourse with a child.

3. Whether the evidence was legally and factually sufficient to prove that defendant had the requisite intent to commit the crime of indecent assault of a child.

4. Whether the evidence was legally and factually sufficient to prove that defendant had the requisite intent to commit the crime of indecent assault.

5. Whether the evidence was legally and factually sufficient to prove that defendant had the requisite intent to commit  the crime of endangering the welfare of children.

6. Whether the evidence was legally and factually sufficient to prove that defendant had the requisite intent to commit the crime of corruption of minors.

7. Whether the evidence was legally and factually sufficient to prove that defendant had the requisite intent to commit the crime of sexual assault.

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised:

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Fayette County Court of Common Pleas

(2) Docket or case number (if you know): CP-26-CR-0002396-2018

(3) Date of filing (if you know): See attached "Page 4 Question 11(a)(3)" 1 page

(4) Nature of the proceeding: (PCRA) evidentiary hearing

(5) Grounds raised:

See attached "Page 4 Question 11(a)(5)" pages 1-7

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes    ☐ No    But no evidence was presented on behalf of Petitioner

(7) Result: Relief sought was denied through misapplication of law/ contrary to established federal law.

**Page 4 Question 11 (a)(3):**

On May 3, 2021 petitioner filed a Pro Se (PCRA) Petition with a memorandum of law in support.

On July 1, 2021 Petitioner sent to the Clerk of Courts and counsel (upon request from counsel) additional issues in the form of a "PCRA in addition to the May 3, 2019 PCRA" and memorandum of law in support.

On July 9, 2021 Fayette County Court rejected petitioners additional grounds under hybrid representation.

On June 8, 2022 Counsel filed a (PCRA) amended petition on behalf of petitioner.

On October 24, 2022 Counsel filed a second amended (PCRA) Petition.

**Page 4 Question 11 (a)(5):**

Petitioner raised in his Pro Se petition on May 3, 2021:

a. In violation of the 6th amendment guaranteed right to effective assistance of counsel, trial counsel rendered ineffective assistance of counsel by failing to compel and view the forensic interviews or their transcripts prior to trial.

b. In violation of the 6th amendment guaranteed right to effective assistance of counsel, trial counsel was constitutionally ineffective for failure to file a Bill of Particulars, which also violated petitioners 5th Amendment right of Due Process by having notice of the exact crime(s) that petitioner was being accused of.

c. In violation of the 6th amendment guaranteed right to effective assistance of counsel, preliminary counsel rendered ineffective assistance of counsel when he violated petitioners 5th amendment guaranteed right of due process when counsel failed to record the preliminary hearing, which is a critical stage, to preserve objections for later litigations.

d. In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel when counsel waived petitioner arraignment without consulting with his client and advising him of his rights, which also violated petitioners 5th Amendment right to a full and fair hearing.

e. In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel failed to file any standard but vital pretrial motions, except discovery, which also violated the petitioners 5th amendment guaranteed right to Due Process and prejudiced petitioner to a full and fair trial.

f. In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel when counsel failed to meet or consult with petitioner in adequate time to investigate and prepare a defense.

g. In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel when counsel completely deprived petitioner of any

effective assistance during the critical stage of pretrial.

h.  In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel by failing to view all of the evidence that the Commonwealth intended to present against his client prior to trial.

i.  In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel by failing to give notice of all the evidence, via discovery, to petitioner which also violated petitioners 5th amendment guarantee of Due Process.

j.  In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel when counsel failed to perform basic research during pretrial investigations which added to counsels ignorance of law.

k.  In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel because he completely failed to prepare for trial.

l.  In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel by failing to interview, consult, or question petitioner in order to determine how to investigate the case, follow leads, question witnesses, or present evidence on the behalf of his client.

m.  In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel by complete failure to challenge or suppress prejudicial evidence.

n.  In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel by failure to oppose the prosecution throughout the entire proceeding.

o.  In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel by failure to challenge or research the law to see if the evidence that the Court claimed was testimonial was in fact testimonial.

2

p.  In violation of the 14th amendment guaranteed right of Due Process "to secure the individual from the arbitrary exercise of powers of government", when the trial Judge identifies unseen or unheard forensic interviews as testimonial. (abuse of discretion).

q.  In violation of the 5th amendment guaranteed right to the opportunity to be heard by an unbiased Judicial platform, the trial Judge was biased and one-sided in favor of the prosecution.

r.  In violation of the 14th amendment guaranteed right that no individual shall be deprived of life, liberty, or property by the deliberate decision of government officials, the prosecution deliberately used false testimony, inadmissible evidence, bolstering witnesses, continuous berating of the defendants character, badgering the defendant, and speculation of evidence that was not introduced in trial, as well as mischaracterizing evidence that was in trial.

s.  In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel was constitutionally ineffective for complete failure to address and argue the fact that the constructive amendment of the offense date was Constitutionally impermissible.

t.  In violation of the 5th amendment guaranteed right to Due Process, Petitioner was triaed and convicted with the use of inadmissible hearsay statements.

u.  In violation of the 14th amendment guaranteed right that no person shall be denied equal protection of the laws, the trial court violated this right by misapplying and/or not applying the law in several rulings.

v.  In violation of the 5th amendment guaranteed right to Due Process which includes notice and a full and fair trial, the prosecution failed to provide prior to trial recorded statements that were in control of the Commonwealth, Exhibit 2B.

w.  In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel by failing to introduce any impeachment evidence that would have cast reasonable doubt.

x.  In violation of the 5th amendment guaranteed right to Due Process that includes a full and fair trial, the Commonwealth failed to meet all of the requirements to allow evidence in under

3

Pa.R.E. 803(6).

y.  In violation of the 6th amendment guaranteed right to confront witnesses against him, petitioner was unable to confront witnesses or cross-examine them concerning evidence that was introduced after the witnesses were released from their subpoena.

z.  In violations of the 6th & 5th Amendments guaranteed right to effective assistance of counsel and the guaranteed right to a fair trial, counsel violated both amendments through the complete failure to oppose the early release of every Commonwealth witness after their initial appearance whom was not confronted anout the contradicting statements that were later introduced bt the Commonwealth that counsel knew existed.

aa. In violations of the 5th, 6th, and 14th Amendments that guarantees the rights to a fair hearing, the opportunity to be heard by an unbiased judicial platform; to be informed of the nature and cause of the accusation; to be confronted with the witness against him; effective assistance of counsel; trial by an impartial jury; protection from the arbitrary exercise of powers of government that concern the deliberate decision of government officials to deprive a person of life, liberty, or property, which all constitute structural errors that petitioner faced which brings automatic reversal.

bb. In violation of the 5th amendment guarantees to Due Process and the right to be heard, petitioner was  not able to choose his own testimony.

cc. In violation of the 5th and 14th amendments guarantees to Due Process in procedural & substantive aspects, petitioner suffered prejudice when he was denied the opportunity to present evidence that somebody else committed the crime.

dd. In violation of the guaranteed right to effective assistance of counsel in the 6th amendment, counsel's representation was unreasonable and ineffective for failing to properly elicit testimony from petitioner to rebut the Commonwealth's witnesses and create reasonable doubt.

ee. In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance in the failure to consult, obtain, or even self educate to

4

determine the validity of the testimony from both expert witnesses presented by the Commonwealth.

ff. In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel by failing to interview any of the Commonwealth witnesses and expert witnesses.

gg. In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel for failure to prepare for the introduction of scientific evidence and subject the Commonwealth's theories to the rigors of adversarial testing.

hh. In violation of the 6th amendment guaranteed right to effective assistance of counsel, counsel rendered ineffective assistance of counsel by failing to object and reject/strike a juror who was a victim of the same crime petitioner was charged with.

ii. In violation of the 6th amendment guaranteed right to be informed of the accusations against the accused, the Commonwealth broadened the time frame from the original informations & indictment at trial on the second day; which left petitioner with isufficient notice of the charge he was accused of and deprived petitioner of any defense.

jj. In violation of the 6th amendment guaranteed right to trial by an impartial jury, petitioner was tried and convicted by a jury member who was a victim of the same crime that petitioner was accused of.

kk. In violation of the 14th amendment guaranteed right to equal protection of the laws and that no person shall be deprived of life, liberty, or property without due process of law, The Commonwealth's cumliative prosecutor misconduct and the cumulative abuse of discretion by the judicial platform, violated the 5th amendment to a full and fair trial to be heard by an unbiased judicial platform, since the trial Judge allowed the constant use of misconduct by the prosecution and allowed the misconduct to misguide the trial from start to finish.

ll. In violation of the 14th amendment guaranteed right to be free from the arbitrary exercise of power, the trial Judge abused discretion by not upholding the law of Pa.C.S.§ 5904(c).

Petitioner raised the following additional issues on July 1, 2021 with the letter from counsel asking petitioner if he had any additional issues:

    a.   In violation of the United States Constitution, Petitioner is deprived liberty without Due Process.

    b.   In violation of the United States Constitution, Petitioner was convicted with use of perjured testimony.

    c.   Petitioner presents new evidence

    d.   Petitioner presents motive to fabricate on behalf of 3 Commonwealth witnesses.

These issues where subsequently rejected by the Court and labeled hybrid representation.

After second PCRA counsel Mark Mehalov was appointed, said counsel amended petitioners pro se (PCRA) petition(s) with the following on June 8, 2022. The Court only heard attorney Mehalovs' amended (PCRA) and his second amended (PCRA) petitions. The Court did not hear petitioners pro se grounds since counsel did not include them within counsels amended (PCRA) petition's:

    a.   the ineffective assistance of counsel which under the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; specifically:

    I.   trial counsel was ineffective for failing to file any pre-trial motions on defendant's behalf; and

    II.   trial counsel was ineffective for failing to spend sufficient time preparing for trial including, but not limited to, spending sufficient time with the defendant to discuss the case and preparing for trial, interviewing witnesses and reviewing and/or viewing evidence in which the Commonwealth planned to use against the defendant at trial; and

    III.   trial counsel was failing to permit a juror to be seated and judge the defendant who was a victim of the same crimes that the defendant was accused of and on trial for.

On October 24, 2022 counsel Mehalov filed a second amended (PCRA) petition

    A.   the ineffective assistance of counsel which under the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence

could have taken place; specifically:

i.  trial counsel was ineffective for failing to file a request for bill of particulars to ascertain the specific date or dates of the alleged crime prior to trial which would have precluded the amendment of the information after the Commonwealth's case-in-chief and for not raising a proper objection to the amendment at the time it was made; and

ii. trial counsel was ineffective for failing to object to admission of tender years hearsay testimony as no in camera hearing took place to determine if the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indica of reliability in accordance with 42 Pa.C.S.A. §5985.1(a)(1)(i).

AO 241 (Rev. 09/17)

      (8) Date of result (if you know): _November 15, 2022_

(b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court: _Fayette County Court of Common Pleas_

      (2) Docket or case number (if you know): _CP-26-CR-0002396-2018_

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _(PCRA)_

      (5) Grounds raised:

_See attached "Page 5 Question 11(b)(5)" page_

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes    ☒ No

      (7) Result: _Pending_

      (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised:

Page 5 question 11(b)(5)

1. Preliminary hearing counsel (Matthew Jaynes, hereinafter "Jaynes") rendered ineffective assistance of counsel by failing to properly secure a court stenographer, properly preserve the record of a critical stage, specifically, preliminary hearing on October 24, 2018 , and raise a proper objection to the Commonwealths use of Commonwealth v. Ricker, 120 A.3d 349 (Pa. Super. 2015).

Description: Preliminary hearing counsel Jaynes failed to obain a Court stenographer or take notes during the preliminary hearing to preserve objections for later litigations and proof of any facts demonstrated by the Commonwealth or the defense al well as any findings on why the case was bound over for trial without evidence to prove a prima facie case.

2. Trial counsel rendered ineffective assistance of counsel under the U.S. Const. 6th Amend. by failing to raise the claim of preliminary hearing counsel ineffectiveness where there was no record of preliminary hearing transcripts since the preliminary hearing counsel nor the Commonwealth obtained a stenographer for the proceeding, which the victim was not present and rendered any objections during the preliminary hearing impossible and non existent due to no record of such actions and/or inactions.

3.      Nicolas Clark rendered ineffective assistance of counsel under the U.S. Const. Amend. 6 due to Pre-trial counsel failing to independantly investigate his clients case;

4.      THE COMMONWEALTH COMMITTED PROSECUTORIAL MISCONDUCT BY WITHHOLDING EXCULPATORY AND/OR IMPEACHMENT EVIDENCE FROM THE DEFENSE WHICH WAS MATERIAL and USED FALSE EVIDENCE TO OBTAIN A CONVICTION WHICH CONSTITUTED A VIOLATION OF CLEARLY ESTABISHED FEDERAL LAW AND VIOLATED PETITIONERS RIGHTS UNDER THE UNITED STATES CONSTITUTION 5TH AND 14TH AMENDMENT OF PROCEDURAL DUE PROCESS AND SUBSTANTIVE DUE PROCESS.

5.      pretial counsel violated petitioners 6th amendment right under the United States Constitution by not consulting with his client in regards to plea offer

6.      Trial counsels failure to object to the competency of the witness and failure to cross-examine the witness at the competency hearing violated petitioners right to effective assistance of counsel under the U.S. Constitution 6th amendment

7.      In violation of petitioners right under Procedural Due Process of the 14th amendment under

1

the U.S. Constitution and in violation of petitioners right to effective assistance of counsel under the U.S. Constitution 6th amendment, the Commonwealth, Court, and petitioners counsel allowed statements to come into trial that violated the Tender Years Hearsay Act, 42 Pa.C.S.A. § 5985.1 by not having a hearing to determine Indica of reliability and/or not listing the person(s) and/or the statements that fall under this exception in order to prepare the defendant to meet such statements and by the Commonwealth and./or Common Pleas Courts misapplication and/or rulings are contrary to clearly established federal law

8.    In violation of the U.S. Constitution 6th amendment, trial counsel rendered ineffective assistance of counsel by failing to subject the prosecution's case to meaningful adversarial testing and oppose the prosecution throughout the trial proceeding by, but not limited to, failing to introduce any impeachment evidence, failing to object to the early release of witness(s), failing to allow petitioner to present evidence that somebody else committed the

9.    Petitioner was denied the effective assistance of counsel that is guaranteed under the U.S. Constitution 6th Amendment for counsels failure to be present at petitioners sentencing      and/or counsels 'stand in counsel' failure to speak on his clients behalf and offer mitigating circumstances, evidence, objections to an illegal minimum sentence, and/or file any motions on behalf of petitioner which prejudiced petitioner and violated petitioners right under U.S. Constitution 14th Amendment of procedural due process and in violation of his Sixth Amendment rights as set forth in Alleyne v. United States, which disapproved judicial fact-finding related to facts that increased mandatory minimum sentences.

10.    Direct appeal counsel (nickolas clark) rendered gross ineffective assistance of counsel in violation of the U.S. Constitutions 6th Amendment right to effective assistance of counsel, by counsels failure to prepare, properly perfect his clients direct appellate review of trial errors,  by Counsels act of ignorance, and intentional sabotage of petitioners direct appellate review.

11.    (PCRA) 1st PCRA counsel James Natale, esq, rendered ineffective assistance of counsel under the U.S. Constitution 6th amendment by failing to preserve petitioners meritorious claims and failure to render petitioners trial counsel and petitioners Direct appeal appellate counsel as ineffective which violated his clients rights under the U.S. Constitution 6th amendment;

12.    (PCRA) 2nd counsel Mark Mehalov, esq., rendered ineffective assistance of counsel under the

U.S. Const. 6th Amendment and under PA. Const., Art., 1 and 9

The second appointed PCRA counsel Mark Mehalov failed to file ineffective assistance of counsel on previous PCRA counsel James Natale which failed to file ineffective assistance of counsel on Nickolas Clark and failed to preserve petitioners "additional grounds for relief" that was rejected by the court for hybrid representation, and failed to investigate, obtain, and present evidence to prove material facts  thus provided ineffective assistance of counsel, in violation of petitioners federal rights to due process of law, U.S. Const. Amend. 14; in violation of his state Constitutional rights to counsel and due process of law, PA. Const., Art., 1 and 9, in violation of his right to effective counsel guaranteed under the U.S. Const. Amend. 6.

### 13.    (PCRA Appellate) counsel Phyllis Jin, esq., rendered ineffective assistance of counsel under the U.S. Const. 6th Amendment and under PA. Const., Art., 1 and 9

PCRA Appellate counsel Phyllis Jin (herein Jin) rendered ineffective assistance of counsel by failing to raise ineffective assistance of counsel on Mark Mehalov for Mehalovs failure to investigate petitioners PCRA claims and obtain favorable evidence to present to the PCRA Court that would have proved Natale and Clark to have been ineffective for failing to investigate and obtain such evidence that was within their clients best interest. Jin also failed to render previous counsels Natale and Mehalov ineffective for failing to preserve petitioners pro se PCRA claims that were layered and would have entitled petitioner relief. Further, Jin rendered ineffective assistance of counsel for failing to raise petitioners pro se claims during the appellate stage since she was able to do so because she was new counsel on the case and it would have been her first opportunity to do so. Jin rendered ineffective assistance of counsel for failing to develop her argument for all of the claims that were being appealed to superior court. Jin rendered ineffective assistance of counsel for failing to correct Mehalovs failure to federalize Mehalovs amended PCRA petitions which Jin could have succeeded if she would have rendered Mehalov ineffective for his failure to federalize his amended PCRA petitions that he filed on behalf of petitioner. Jin rendered ineffective assistance of counsel in failing to file an appeal to the Pennsylvania Supreme Court and notify petitioner of a Superior Court decision. Attorney Jin was in violation of petitioners federal rights to due process of law, U.S. Const. Amend. 14; in violation of his state Constitutional rights to counsel and due process of law, PA. Const., Art., 1 and 9, and counsel was in violation of his right to effective counsel guaranteed under the U.S. Const. Amend. 6.

3

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☒ Yes     ☐ No

(2) Second petition:     ☐ Yes     ☐ No

(3) Third petition:     ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Ineffective assistance of Counsel under the United States Constitution 6th Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel was ineffective for failing to spend sufficient time preparing for trial including, but not limited to, spending sufficient time with defendant to discuss the case and preparing for trial, interviewing witnesses and reviewing and/or viewing evidence in which the Commonwealth planned to use against the defendant at trial.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: My first available Opportunity to raise this issue was on appellate/collateral review (PCRA)

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    (PCRA)

Name and location of the court where the motion or petition was filed: Fayette County Court of Common Pleas, 61 E Main Street, Uniontown, PA 15401

Docket or case number (if you know): CP-26-CR-0002396-2018

Date of the court's decision: November 15, 2022

Result (attach a copy of the court's opinion or order, if available): relief sought was denied through misapplication / contrary to clearly established Federal law. See appendix 3

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Pennsylvania Superior Court 310 Grant Street, Suite 600, Pittsburgh, PA 15219

Docket or case number (if you know): 1456 WDA 2022

Date of the court's decision: April 4, 2024

Result (attach a copy of the court's opinion or order, if available): relief sought was denied through misapplication / contrary to clearly established Federal law. See appendix 4. Following 4.4.24 decision Petitioner was abandoned by Counsel

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: Petitioner Sought reinstatement of

appellate rights Nunc Pro Tunc to PA Supreme Court from order denying relief

by Superior Court on April 4, 2024 triggering this § 2254 Petition

**GROUND TWO:** Trial Counsel rendered ineffective assistance of Counsel

under the U.S. Constitution 6th Amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel failed to file any pre-trial motions on defendants behalf

including, but not limited to, a taint hearing during the Competency

hearing at which evidence existed to prove that the victim was not

Competent to testify at trial due to inconsistant statements given at

every recorded interview and/or testimony, Motive to fabricate, evidence

in the victim being Coached by interested individuals, and but not

limited to, the victims lack of memory and the memory present is

not the victims own memory. Counsel failed to obtain and present evidence to prove facts

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: My first available

opportunity to raise this issue was on appellate/Collateral review

(PCRA)

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    (PCRA)

Name and location of the court where the motion or petition was filed: Fayette County Court

of Common Pleas, 61 E Main Street, Uniontown, PA 15401

Docket or case number (if you know): CP-26-CR-0002396-2018

AO 241 (Rev. 09/17)

Date of the court's decision: November 15, 2022

Result (attach a copy of the court's opinion or order, if available): denied relief Sought

See appendix 3

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court, 310 Grant Street, Suite 600, Pittsburgh, PA 15219

Docket or case number (if you know): 1456 WDA 2022

Date of the court's decision: April 4, 2024

Result (attach a copy of the court's opinion or order, if available): denied relief Sought

See appendix 4

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Sought review in Supreme Court of PA Nunc pro tunc due to attorney Jin abandonment in Superior Court. PA Supreme Court denied petitioners request to proceed Nunc Pro tunc.

**GROUND THREE:** Trial Counsel rendered ineffective assistance of Counsel under the U.S. Constitution 6th Amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel failed to render effective assistance when Counsel permitted a juror to be Seated and Judge the defendant because Said Juror (187) was a victim of the Same crime that the defendant was accused of and on trial for.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *My first available opportunity to raise this issue was on appellate/collateral review (PCRA)*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *(PCRA)*

Name and location of the court where the motion or petition was filed: *Fayette County Court of Common Pleas, 61 E Main Street, Uniontown, PA 15401*

Docket or case number (if you know): *CP-26-CR-0002396-2018*

Date of the court's decision: *November 15, 2022*

Result (attach a copy of the court's opinion or order, if available): *denied relief sought See appendix 3*

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Superior Court of PA, 310 Grant Street, Suite 600, Pittsburgh, PA 15219*

Docket or case number (if you know): *1456 WDA 2022*

Date of the court's decision: *April 4, 2024*

Result (attach a copy of the court's opinion or order, if available): *Superior Court did not render a decision on this issue. PCRA Counsel Mebalov raised it on the 1925(B), but, attorney Jin did not argue this issue within her brief. See appendix 4 and appendix 5.*

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

PCRA Counsel Mehalov raised the issue within the 1925(b) to Superior Court. When attorney Jin was appointed, after Mehalov withdrew, Counsel Jin did not argue the issue on appeal.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Tried to appeal to PA Supreme Court Nunc pro tunc, due to attorney abandonment, but Supreme Court of PA denied petitioner the ability to proceed.

**GROUND FOUR:** Trial Counsel (Nickolas Clark) rendered ineffective assistance of Counsel under the U.S. Constitution 6th Amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel failed to ~~file a~~ request for bill of particulars to ascertain the specific date(s) of the alleged crime prior to trial which would have precluded the amendment of the information after the Commonwealth's Case-in-chief and Counsel failed to raise a proper objection to the amendment at the time it was made on the Second day of trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: My first available opportunity to raise this issue was on appellate/collateral review (PCRA).

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: (PCRA)

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Fayette County Court of Common Pleas, 61 E Main Street, Uniontown, PA 15401

Docket or case number (if you know): CP-26-CR-0002396-2018

Date of the court's decision: November 15, 2022

Result (attach a copy of the court's opinion or order, if available): denied relief sought
See appendix 3

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of PA, 310 Grant Street, Suite 600, Pittsburgh, PA 15219

Docket or case number (if you know): 1456 WDA 2022

Date of the court's decision: April 4, 2024

Result (attach a copy of the court's opinion or order, if available): denied relief sought
See appendix 4

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Requested for allowance of appeal Nunc pro tunc to PA Supreme Court due to attorney abandonment, Request was denied.

**Question 12 continued. Additional grounds:**

**Ground five:** Trial counsel (Nickolas Clark) rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

(a) supporting facts:

Trial counsel was ineffective for failing to object to admission of tender years hearsay testimony as no in camera hearing took place to determine if the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indica of reliability in accordance with 42 Pa.C.S.A. § 5985.1(a)(1)(i).

(b): N/A

(c) **Direct appeal on ground five:**

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA).

(d) **Post-conviction proceedings:**

(1) I did raise this issue through a Post-conviction motion

(2) the type of motion was a:  PCRA Petition

 Filed in: Fayette County Court of Common Pleas located at 61 E Main Street, Uniontown, Pennsyvania 15401.

Case number: CP-26-CR-0002396-2018

Date of the courts decision: November 15, 2022, PCRA Judge did not render a decision on this issue. See appendix 3 for court opinion.

(3) I did receive a hearing on the Petition

(4) I Did appeal from the denial of the Petition

(5) I did raise this issue on appeal

(6)  Superior Court of the Western District; Docket Number 1456 WDA 2022; Superior Court Decision was rendered on April 4, 2024; Superior Court did not render a decision on this issue. See appendix 4 for Superior Courts Opinion.

(7) N/A

(e) appealed to Pennsylvania Supreme Court for "Petition for leave to file Petiton for allowance of appeal Nunc Pro Tunc" after attorney Jin abandoned petitioner, Petitioner was denied ability to appeal to Pennsylvania Supreme Court on December 27, 2024. Docket No. 70 Wm 2024.

1

**Ground six:** Preliminary hearing counsel (Matthew Jaynes) rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

(a) supporting facts:

Preliminary counsel failed to obtain a court stenographer over petitioners request and counsel failed to take any notes to preserve objections for later litigations as well as proof of any facts presented or not presented within the hearing. Since Petitioners case was only based on hearsay and testimony with no Physical evidence, the Prosecution stated at the preliminary hearing that the allegations were hearsay and she has till trial to come up with evidence.

(b): 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground six:**

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion

**Ground seven:** Pre-trial counsel (Nickolas Clark) rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

(a) supporting facts:

Attorney Clark failed to render attorney Matthew Jaynes ineffective for failing to obtain a court stenographer in order to preserve the record, Attorney Clark also failed to motion to correct the missing court record that was part of a critical stage of Due Process that proved that the Commonwealth established a prima fascia case prior to trial that was not based solely on hearsay.

(b): 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA

counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground six:** ~~six~~ *Seven*

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion


**Ground eight:** Pre-trial counsel (Nickolas Clark) rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

(a) supporting facts:

Attorney Nickolas Clark failed investigate petitioners case prior to trial including, but not limited to, obtaining impeachment evidence which was in abundance that was available prior to trial, obtaining both of the forensic interviews and/or the transcripts of both forensic interviews, obtaining text messages from Mrs. Archers phone/texting app that proved material facts, obtaining suppressed evidence from the prosecution and/or Fayette County Children and Youth Services (FCCYS) such as, but not limited to, (FCCYS) GPS reports from December 2016 through February 2018, FCCYS caseworker notes from December 2016 through February 2018, FCCYS investigation report for Jessica Ritcher (alternative suspect), Psychological reports from CCP Behavioral Health pertaining to victim, Reports from Family First, Reports from the "visitation house", Reports and Pictures of victims bruises that occured in December 2016 when she was under the care of FCCYS, Background information on Commonwealth witness Rockwell (alternative suspect) regarding both sons being sexually abused under her care in two seperate states.

(b): 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground six:** ~~six~~ *eight.*

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and

Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion

**Ground nine:** The Commonwealth violated their duty to disclose exculpatory and/or impeachment evidence resulting in a violation under United States Constitution 14th Amendment of Due Process.

(a) supporting facts:

The Commonwealth suppressed the following, but not limited to: February 2018 and April 2018 forensic interviews and/or the transcripts of both forensic interviews, (FCCYS) GPS reports from December 2016 through February 2018, (FCCYS) caseworker notes from December 2016 through February 2018, (FCCYS) investigation report for Jessica Ritcher (alternative suspect), Psychological reports from CCP Behavioral Health pertaining to victim, Reports from Family First, Reports from the "visitation house", (FCCYS) Reports and Pictures of victims bruises that occured in December 2016 when she was under the care of FCCYS, Background information, cases(s), and/or reports on Commonwealth witness Rockwell (alternative suspect) regarding both sons being sexually abused under her care in two seperate states.

(b): 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground six: nine!**

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion

**Ground Ten:** Pre-trial counsel (Nickolas Clark) rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

(a) supporting facts:

Pre-trial counsel Nickolas Clark failed to consult with petitioner/his client regarding plea offer. Attorney

Clark rejected the plea offer without his clients input or permission.

**(b):** 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground six:** ~~six~~ ten

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion


**Ground Eleven:** Trial counsel (Nickolas Clark) rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

(a) supporting facts:

Trial counsel failed to object to the competency of the witness, failure to cross-examine the witness at the competency hearing, and failure to present evidence which would have proved that the witness did not remember the alleged event due to the age of the witness and the witness' answers as well as the questions asked to the witness at the competency hearing did not satisfy the requirements of a competency hearing in its entirety.

**(b):** 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground six** ~~six~~ eleven:

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion

**Ground Twelve**: In violation of petitioners rights under the United States Constitutions Procedural Due Process of the 14th Amendment

(a) supporting facts:

The Commonwealth and Trial Court allowed hearsay statements of a tender years victim to come into trial that was not tested for their reliability prior to trial as well as statements from person(s) that had a motive to fabricate at the time of the statements were made that where unreliable, at which was contrary to and/or a misapplication of clearly established federal law.

(b): 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground six:** twelve!

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion

**Ground Thirteen**: Trial counsel (Nickolas Clark) rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

(a) supporting facts:

Trial counsel failed to subject the prosecutors case to meaningful adversarial testing and oppose the prosecution throughtout the trial proceeding by, but not limited to, failing to introduce impeachment evidence, failing to present evidence that somebody else committed the crime, failing to object to the early release of Commonwealth witnesses which prejudiced petitioners defense.

(b): 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground six:** thirteen!

(1) I did not raise this issue on Direct Appeal.

6

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion


**Ground Fourteen:** Trial counsel/sentencing counsel (Nickolas Clark) and/or Public Defenders office representative rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

(a) supporting facts:

Attorney Nickolas Clark failed to be present at petitioners sentencing, and/or 'stand in counsel', failure to speak on behalf of petitioner and offer mitigating circumstances, evidence, and objections to a mandatory minimum sentence.

(b): 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground** ~~six:~~ Fourteen :

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion


**Ground Fifteen:** Direct Appeal counsel (Nickolas Clark) rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

(a) supporting facts:

Direct appeal counsel failed to argue petitioners case on direct appeal by making  bald arguments, using an argument that petitioner strongly advised him not to use because of supporting caselaw that stated

7

such an argument was not suitable for the charges that petitioner was convicted of, counsel was also advised by the Court during a Graizer hearing to not use the mens rea argument, Petitioner had requested new counsel because counsel did not meet the 1925(b) requirements and after the Graizer hearing (the Court agreed that counsel was ineffective, per record, but refused to give petitioner different counsel) counsel deliberately sabotaged petitioners direct appeal by using the mens rea argument and counsel changed his 1925(b) to also reflect mens rea.

**(b):** 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground six:** fifteen

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion

**Ground Sixteen:** 1st PCRA counsel James Natale rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

(a) supporting facts:

Counsel failed to preserve petitioners meritorious claims for Collateral review/PCRA from petitioners Pro Se PCRA(s) and counsel failed to render petitioners trial counsel and Direct appeal (Nickolas Clark) with ineffective assistance of counsel claims.

**(b):** 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground sixteen:**

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion

**Ground Seventeen:** 2nd PCRA counsel Mark Mehalov rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

**(a) supporting facts:**

Counsel was ineffective for, but not limited to, failing to file ineffective assistance of counsel on James Natale. Attorney Mehalov failed to preserve and file all of petitioners meritorious claims. Counsel Mehalov failed to investigate petitioners claims for PCRA. Counsel Mehalov failed to present any evidence at petitioners evidentiary hearing that was available to obtain and said evidence would have provided proof that: trial counsel (Nickolas Clark) did not investigate petitioners case prior to trial, trial counsel failed to obtain impeachment evidence and present said evidence in trial that was available prior to trial, and that trial counsel knew and/or should have known that the Commonwealth suppressed evidence but counsel failed to present said evidence to the Court. Attorney Mehalov failed to present evidence that Counsel was appointed to petitioners case before the time that counsel testified to.

**(b):** 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground ~~six:~~ Seventeen**

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion

**Ground Eighteen:** Appellate PCRA counsel Phyllis Jin rendered Ineffective assistance of counsel under the United States Constitution 6th Amendment.

**(a) supporting facts:**

Counsel failed to raise ineffective assistance of counsel on Mark Mehalov, Attorney Jin failed to raise petitioners meritorious claims, that where not raised by prior counsel, when she was appointed to petitioners case. Attorney Jin failed to investigate petitioners claims. Counsel failed to develop her argument within her brief to Superior Court, counsel failed to argue all claims within petitioners appeal that attorney Mehalov submitted, counsel abandoned petitioner and did not file to the Pa Supreme Court.

**(b):** 1st PCRA counsel James Natale failed to raise the issue that was preserved in petitioner Pro Se PCRA petition and counsel did not file any amended PCRA petition on the behalf of petitioner. 2nd PCRA counsel Mark Mehalov failed to raise this issue that was preserved in petitioners pro se PCRA Petition.

**(c) Direct appeal on ground** six; eighteen

(1) I did not raise this issue on Direct Appeal.

(2) My first available opportunity to raise this issue was on appellate/collateral review (PCRA). Trial and Direct appeal counsel Nickolas Clark was not willing to work with petitioner.

**(d) Post-conviction proceedings:**

(1) I did not raise this issue through a Post-conviction motion

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☐ Yes    ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: Due to counsels dereliction of duty, Counsel failed to advance grounds 1-5 herein, to the PA Supreme Court. For grounds 6-88 counsel failed to advance said claims, as petitioner raised them in his Pro Se PCRA and said claims are submitted via 2nd Pro Se CPCRA)

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☒ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. Fayette County Court of Common Pleas, 61 E. Main Street, Uniontown, PA 15401, CP-26-CR-0002396-2018, 2nd CPCRA), See attached for issues raised " pg 5 Question #(b)(5)"

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Matthew Jaynes, appointed, address unknown

(b) At arraignment and plea: Nickolas Clark, public defender, 61 E. Main Street, Uniontown, PA 15401 (Public defenders office

(c) At trial: Nickolas Clark, esq

(d) At sentencing: A representative from the Public defenders office (trial counsel was not present)

(e) On appeal: Nickolas clark, esq

(f) In any post-conviction proceeding: James Natale (address unknown), Mark Mehalov 18 Mill St. Square / P.v. Box 2133 Uniontown, PA 15401, ~~address unknown~~

(g) On appeal from any ruling against you in a post-conviction proceeding:
Phyllis Jin, esq 315 Morgantown Road, uniontown, PA 15401

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

Page 14 of 16

AO 241 (Rev. 09/17)

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: but not limited to, dismissal of all or some of the charges, New trial, the release of suppressed evidence, appointment of an investigator, and/ or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on February 3, 2025 (month, date, year).

Executed (signed) on February 3, 2025 (date).

Antonio D. Archer
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

Page 16 of 16